### *Robinson and Hartshorne* v. *Fisher.*

TO a declaration on a promissory note, the defendant pleaded in bar, that the *assumpsit* was by him and *Robinson* jointly, and not by him separately.*   The plaintiffs' attorney considering the plea a nullity, entered a default.

*Woods* moved to set it aside, and cited in support of the plea a precedent in 3 *Went.* 114.   He said also, no plea could be treated as a nullity, unless it appeared on the face of it to be frivolous.   In all other

---

* See *Mainwaring.* v. *Newman*, 2 *Bos. & Pull.* 120. in which such a plea as the present was held good on demurrer, on the authority of *Moffat* v. *Van Millingen* and *others*, *E.* 27 *G.* III. *B. R.* declaring that the matter was not pleadable in abatement.

cases the court would drive the defendant to his de-
murrer.

*G. Ogden,* contra. The matter of this plea is clearly in abatement; and if so, might, for want of being verified by affidavit, be treated as a nullity. 1 *Sell.* 301.

*Per Curiam,* delivered by LIVINGSTON, J. This is a dilatory plea, the definition of which is, that it only delays the suit by questioning the propriety of the remedy rather than by denying the injury. Thus the injury complained of here, is not denied; but that it was committed with another. If it be a plea of this description, it wants the verification required by statute, and is therefore bad. Even as a plea in bar, I should not be for countenancing it, for it is totally out of the usual form of general issue which it was intended to try, and which would have answered as well, and furnished a record in the common form.